## Case No. 5,680.

### In re GRAMBO.

[1 Wkly. Notes Cas. 64.]

District Court, E. D. Pennsylvania.  Nov. 4, 1874.

CO-TRUSTEES—JURISDICTION OF BANKRUPT COURT OF QUESTIONS BETWEEN TRUSTEES—POWER OF CREDITORS OVER CUSTODY OF ASSETS.

[In bankruptcy.  In the matter of Harrison Grambo.]  A petition of Stephen A. Potter and William Wright, trustees of said estate, was filed, in which it was set forth that Samuel Wright, a co-trustee, had obtained possession of certain bonds, mortgages, and assignments from the fire-proof of the petitioners; that demand had been made therefor under a resolution of a meeting of creditors, and that all had not been returned; and praying relief.

Mr. Sutton, for trustees.
Chapman Biddle, for S. Wright.

THE COURT said, unless the proceedings in this case have been ratified by every creditor, they are of doubtful validity, and require judicial rectification; but that the question raised could not be litigated in the present crude form of the application.  The petitioners might proceed by bill in equity in the circuit court of the United States for this district, if so advised, with or without other complainants, against the present respondent, and all other proper parties, to obtain such fundamental or incidental relief as may be considered proper.  If such proceedings are instituted, the present application may stand over.

[A bill in equity was accordingly filed in the circuit court (Case No. 11,343) by the said trustees, praying for relief in the manner above set forth.  The bill was dismissed, however, without prejudice, because, in the original transfer to the trustees, the approval of the court had not been obtained as directed.]

---

GRAMMER (BLAKE v.).  See Case No. 1,496.

---

## Case No. 5,681.

### GRAMMER v. CARROLL.

[4 Cranch, C. C. 400.] [1]

Circuit Court, District of Columbia.  Nov. Term, 1833.

BILLS AND NOTES—INTEREST—PROTEST — ACCEPTANCE.

1. The defendant, the acceptor of a bill payable to the plaintiff out of an expected particular fund, received the fund, but paid it to the holder of a subsequent draft by the same drawer; *held*, that the defendant was liable to the plaintiff in an action for money had and received to his use.

2. Interest may be given as damages for the non-payment of money received by the defendant to the plaintiff's use after demand and refusal.

Assumpsit for money had and received.  R. G. Lanphier, Jr., having made a seal for

[1] [Reported by Hon. William Cranch, Chief Judge.]

the supreme court of the United States, of which court the defendant was clerk, and being indebted to the plaintiff, drew the following bill: "Washington, October 11, 1831.  Mr. Carroll, Clerk of the Supreme Court of the United States.  Pay G. C. Grammer, or order, on the 1st day of April next, the sum of $80, out of any money that may come into your hands as clerk, on account of a seal made by me for the office of said court.  $80.  R. G. Lanphier, Jr."  Indorsed: "Accepted, William Thomas Carroll, C. S. C. U. S."  Mr. Lanphier afterwards drew another bill on Mr. Carroll for $100, being the whole price of the seal, in favor of Mr. Middleton, Mr. Carroll's clerk, who was a creditor of Lanphier, and who was said to be insolvent.  Mr. Carroll having certified on the bill, that the seal had been made, and that the money was due to Lanphier, Mr. Middleton took it to the marshal, and got his due-bill for the amount, payable in ten days, which he gave to Mr. Carroll, who received the money from the marshal, and paid it over to Mr. Middleton; but before he paid it, Mr. Middleton had notice of Mr. Carroll's acceptance of the draft in favor of the plaintiff.

Upon the trial, Mr. Coxe, for defendant, moved the court to instruct the jury, in substance, that the plaintiff cannot recover without satisfying them that the money came to the defendant's hands, as clerk.

But THE COURT (CRANCH, Chief Judge, contra) refused to give the instruction; because, if the defendant had a right to draw it from the marshal, the money was, in effect, in the defendant's hands.

THE COURT (THRUSTON, Circuit Judge, absent), at the prayer of the defendant's counsel, instructed the jury, that the plaintiff cannot recover in this action on the count for money had and received, unless the jury should be satisfied by the evidence that the defendant received the money to the plaintiff's use.  Verdict for the plaintiff, $81.75, to bear interest from the 4th of April, 1832.

Mr. Coxe, for defendant, moved for a new trial, upon the ground that upon the count for money had and received, the jury had given interest by way of damages; and the cost of protest of the defendant's acceptance, which was not given in evidence upon the special counts, which were abandoned, and cited several cases.

But THE COURT said, that in this court, the jury had always been allowed to give damages for the non-performance of the contract; and that it was competent for them to make the interest the measure of their damages; and that interest may be recovered on money received to the plaintiff's use, after demand and refusal to pay.

Upon the plaintiff's remitting the cost of protest, THE COURT refused to grant a new trial.